UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HORACE DEWAYNE ALLEN,                             Civil No. 10-4205 (MJD/JSM)

      Plaintiff,

v.                                                REPORT AND RECOMMENDATION

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A.,
MERRILL LYNCH BANK USA,
PHH MORTGAGE CORPORATION, and
WELLS FARGO & COMPANY,

      Defendants.

The above matter came on before the undersigned on Plaintiff's Motions to Remand [Docket Nos. 4, 8]. Plaintiff Horace Allen appeared pro se; D. Charles Macdonald, Esq. and Michelle E. Weinberg, Esq. appeared on defendants' behalf. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.

## I. BACKGROUND

Plaintiff Horace Allen sued the defendants in Scott County, Minnesota, alleging harassment, discrimination and fraud in connection with defendant Merrill Lynch's foreclosure of the mortgage encumbering his residence in Minnesota. Amended Complaint [Docket No. 1-6]. Defendants removed the action to the United States District Court pursuant to 28 U.S.C. §1332, alleging diversity of citizenship and a dollar amount in controversy in excess of $75,000 [Docket No. 1]. In lieu of answering, defendants then moved to dismiss the Amended Complaint [Docket No. 3] and Allen moved to remand the case back to state court [Docket Nos. 4, 8].

Allen refinanced the mortgage on his residence in Prior Lake, Minnesota in January, 2002 in the principal amount of $600,000. Affidavit of D. Charles Macdonald in Support of Motion to Dismiss ("Macdonald Aff."), Ex. A (Adjustable Rate Note) [Docket No. 13-1]; Amended Complaint, ¶31. The lender was Merrill Lynch Credit Corporation (predecessor to defendant Merrill Lynch Bank). Amended Complaint, ¶31. According to the defendants, Bank of America Corporation is the parent of Merrill Lynch Bank ("MLB"), PHH Mortgage ("PHH") is the servicer of Allen's note and mortgage for MLB, and Wells Fargo & Company ("Wells Fargo") is the parent of Wells Fargo Bank, N.A., the bank at which PHH has its depository accounts. Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mem. to Dismiss"), p. 3 [Docket No. 12].

Merrill Lynch began foreclosure proceedings against Allen in March, 2007. Amended Complaint, ¶29; Complaint, Ex. 110.[1] On May 14, 2007, Allen wrote to Merrill Lynch's CEO Stanley O'Neal asking for a stay in the foreclosure proceedings. Amended Complaint, ¶66; Complaint, Ex. 112. Merrill Lynch agreed to stay the foreclosure. Later that same month, Allen sued his homebuilder, alleging damage from water intrusion. Amended Complaint, ¶38. In August, 2007, Merrill Lynch agreed to a loan modification that required Allen to make interest only payments of $2945.47 per month beginning on January 1, 2008 and ending on March 1, 2012, at which time Allen was to begin paying principal and interest. MacDonald Aff., Ex. C (Loan Modification Agreement); Amended Complaint, ¶43; Complaint, Ex. 123.

According to the defendants, Allen made no payments under the loan modification agreement, and the Amended Complaint does not allege that he did make

---

[1] Plaintiff's Amended Complaint referred to exhibits attached to his original Complaint.

such payments.  Def. Mem., p. 5; Amended Complaint.  Allen sought another loan modification by writing to the Chairman and CEO of Merrill Lynch asking that the loan modification be renewed until August 1, 2008.  Amended Complaint, ¶74; Complaint, Ex. 129.  On April 17, 2008, Allen was informed that Merrill Lynch intended to reinitiate foreclosure proceedings.  Amended Complaint, ¶73; Complaint, Ex. 136.  On June 4, 2008, PHH agreed to stay the pending foreclosure for four weeks to permit inspection of the property.  Amended Complaint, ¶75; Complaint, Ex. 142.

On July 1, 2008 Allen sought a "short sale" of his property, suggesting that Merrill Lynch sell him the property for $1.  Complaint, Ex. 148.  On August 25, 2008, Merrill Lynch intervened in Allen's lawsuit against his homebuilder to protect its interests as mortgagee.  Amended Complaint, ¶29; Complaint, Ex. 159.  On October 13, 2008, attorney Charles Macdonald, writing on Merrill Lynch's behalf, agreed to "reinstate" the loan modification by "commencing monthly payments immediately at 1 1/2 times the originally agreed upon figure until such time as [Allen] was caught up on the payments [he] missed since the Modification Agreement was signed.  Once the past due payments have been paid, the required monthly payment will revert back to the originally agreed upon figure" [$2945.47]."  Complaint, Ex. 165.  If Allen was "unwilling or unable to make such payments, [Allen] would leave Merrill Lynch little choice but to pursue its remedies under the Mortgage and the promissory note secured thereby. Id.

Allen settled his claims against the builder in a mediation and $300,000 of the settlement funds were placed into an escrow account for repairs to the residence. Amended Complaint, ¶32; Macdonald Aff., Ex. F (agreement between Allen and MLB regarding escrow of $300,000).  Pursuant to paragraph 5 of the agreement between

Allen and MLB, "the work contemplated by the Repair Contract shall be completed by August 15, 2010. Any balance remaining in the Repair Fund on or after September 1, 2010 shall be disbursed to Merrill Lynch and applied by Merrill Lynch to the principal balance of the Note." Id., ¶5.

On September 1, 2010, the entire balance of the repair fund remained in escrow and Merrill Lynch applied the $300,000 to Allen's outstanding mortgage balance. Amended Complaint, ¶8. PHH issued a mortgage payoff statement to Allen on September 14, 2010, in the amount of $278,881.18, if paid by September 30, 2010. Amended Complaint ¶9; Complaint, Ex. 14. According to the defendants, by that time, Allen had not made a monthly mortgage payment in four years, and the Amended Complaint does not allege that he had made such payments. Amended Complaint; Def. Mem., p. 9.

On or about September 24, 2010, Allen commenced this action in Scott County District Court. Notice of Removal, p. 1 [Docket No. 1]. On or about September 30, 2010, Allen delivered an Amended Complaint to Bank of America Corporation, Bank of America, N.A., PHH Mortgage and Wells Fargo. [Docket No. 1-6].

In Count I of Allen's Amended Complaint, he alleged that the payoff statement he received from PHH constituted harassment and discrimination pursuant to Minn. Stat. §363A.17, subd. 3., the Discrimination in Business provision of the Minnesota Human Rights Act. Amended Complaint, ¶108. Allen also alleged defendants committed "fraud," in violation of Minn. Stat. § 325F.69 Subd. 1, the Minnesota Consumer Fraud Act, "by spending an estimated **$100,000.00** to three different the (sic) law firms to initiate multiple foreclosure proceedings and schedule my home for auction on the

4

courthouse steps."  Amended Complaint, ¶111 (emphasis in original).  Allen further alleged:

> Merrill Lynch harassed and discriminated against me again by intervening in my lawsuit to THREATEN foreclosure proceedings on [his] home for the third time on October 13, 2008 (Exhibit 165).  Merrill Lynch's behavior was stopped by [his] complaint to the Office of Lawyer Professional Responsibility (Ex. 48) based on the fact D. Charles MacDonald's (sic) behavior was in direct violation of his own contractual language that he used on behalf of Merrill Lynch to INTERVENE in my lawsuit.[2]

Amended Complaint, ¶112 (emphasis in original).

## II.   DISCUSSION

Allen moved to remand his lawsuit to Minnesota State District Court on the ground that there was no "federal question" jurisdiction pursuant to 28 U.S.C. §1331 and the amount in controversy did not meet the $75,000 jurisdictional threshold of 28 U.S.C. §1332.  Plaintiff's Memorandum of Law in Support of Motion to Remand ("Pl. Remand Mem."), p. 3; Motion and Notice of Motion to Remand Back to Scott County District Court, p. 1 [Docket No. 8]; Plaintiff's Reply Memorandum, p. 4 ("[t]he 'amount in controversy' DOES NOT exceed $75,000!") (emphasis in original).  Defendants pointed out that Allen's claim of harassment and discrimination was based on a mortgage payoff statement in the amount of $278,881.18, and thus, the amount in controversy exceeded the jurisdictional threshold  Defendants' Memorandum in Opposition ("Def. Mem. in Opp."), p. 3 [Docket No. 15].  Furthermore, the application of the escrowed $300,000 to the mortgage balance appeared to be one of the underlying facts on which Allen's suit is

---

[2]   Allen appears to be referencing Macdonald's reliance on a provision in the mortgage that authorized assignment of "miscellaneous proceeds" to Merrill Lynch (defined as "any compensation, settlement, award of damages, or proceeds paid by any third party  for damage to, or destruction of the Mortgaged Property. . .") set forth in the Complaint in Intervention he filed on Merrill Lynch's behalf.  Complaint, Ex. 159, ¶¶5-7.

based. Id. Defendants agreed to remand the case to state court if Allen would stipulate that his damages did not exceed $75,000. Affidavit of D. Charles Macdonald in Support of Defendants' Opposition to Plaintiff's Motion to Remand, Ex. A (letter dated October 21, 2010 from D. Charles Macdonald to Horace Allen offering to agree to remand in exchange for stipulation that Allen would not seek more than $75,000 in damages). Allen rejected that proposal. Id., Ex. B.

At the motions hearing, Allen agreed that he was seeking damages in excess of $75,000 and that the matter was, therefore, properly in federal court. His motions for remand were based on a misunderstanding that he had to state a specific dollar amount of damages in his Complaint. Based on Allen's representations regarding his desire to seek damages in excess of $75,000 and the arguments defendants' raised in responding to Allen's motions, this Court concluded that diversity jurisdiction exists pursuant to 28 U.S.C. §1332 and that the matter was properly removed to federal court because it meets the requirements for diversity. Therefore, Court recommends that Allen's motions for remand be denied.

## III.   RECOMMENDATION

For the reasons set forth above and based on all the files, records and proceedings herein,

**IT IS RECOMMENDED THAT:**

Plaintiff's motions to remand [Docket Nos. 4, 8] be denied.

Dated: May 9, 2011                              *Janie S. Mayeron*
                                                JANIE S. MAYERON
                                                United States Magistrate Judge

## **NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **May 23, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals. Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **May 23, 2011.**